Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

~~Jacksonville~~ Division

3) Richard Lee Taylor
2) Jarrod Shawn Beauregard
1) Edward Gordon Elliott
_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

― See Attached ―
_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

Case No. 3:21-cv-125-HES-JBT
*(to be filled in by the Clerk's Office)*

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 11

List of Defendants: 1) Assistant Chief Benoit
2) Officer C. A. Floyd
3) Officer A. ~~Angels~~ Angeles
4) Officer C. C. Burden
5) officer   Wilkerson
6) Sargent  M. Williams
7) Sergeant L. N. Williams

*Note: We are unable to give full names of officers
and Supervisors involved. Reason for this is
officers will not give us their full names and
their name tags consist of their first inital's
and last names.
    We are also unable to get their Shield numbers
for the same reason. (officers will not tell us.)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name *See Attached* Page 2of11,1.

All other names by which you have been known:

ID Number

Current Institution

Address

City    State    Zip Code

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name Assistant Chief Benoit

Job or Title *(if known)* unknown

Shield Number unknown

Employer Jacksonville Sheriffs Office

Address *See Attached*

City    State    Zip Code

[✓] Individual capacity    [✓] Official capacity

Defendant No. 2

Name C.C. Burden   Officer/Corrections

Job or Title *(if known)* Laundry Department

Shield Number unknown

Employer Jacksonville Sheriffs office

Address *See Attached Note*

City    State    Zip Code

[✓] Individual capacity    [✓] Official capacity

*See Attached* Page 2of11, 3.2-4

Page 2 of 11

Page 2 of 11, 1.

# 1. The Parties to this Complaint

## A. The Plaintiffs:

1. Name      Edward Gordon Elliott
   Other Names      Edward Gordon Bowmer
   ID Number      2017027622
   Current Institution      Duval County Jail/Pre-Trial Detention Facility
   Adress      500 East Adams Street
        Jacksonville, Florida 32202

2. Name      Jarrod Shawn Beauregard
   Other Name      N/A
   ID Number      2020011004
   Current Institution      Duval County Jail/Pre-Trial Detention Facility
   Adress      500 East Adams Street
        Jacksonville, Florida 32202

3. Name      Richard Lee Taylor
   Other Name      N/A
   ID Number      2018028518
   Current Institution      Duval County Jail/Pre-Trial Detention Facility
   Adress      500 East Adams Street
        Jacksonville, Florida 32202

Page 2 of 11-2.
1. The Parties to This Complaint

B. The Defendants
   Defendant Number 5.
      Name            Wilkerson
      Job Title        Corrections Officer - Laundry Department
      Shield Number  Unknown
      Employer        Jacksonville Sheriffs Office
      Adress          * See Additional Notes for This Section *

                    ✓ Individual Capacity
                    ✓ Offical Capacity
   Defendant Number 6.
      Name            M. Williams
      Job Title        Sargent - Corrections - Laundry Department
      Shield Number  Unknown
      Employer        Jacksonville Sheriffs Office
      Adress          * See Attached Note for this Section *

                    ✓ Individual Capacity
                    ✓ offical Capacity

* Each defendant is sued individually and in his or
her offical capacity.

            * Defendant Number 7. on next page. *

Page 2 of 11, 3.

I. Parties to this Complaint

  B. The Defendants

    Defendant Number 7.
    Name          L. N. Williams
    Jobe Title     Sergeant, Commassery/Accounts
    Shield Number   unknown
    Employer     Jacksonvill Sheriffs Office
    Adress       * See Attached Note for this Section *

        ✓, Individual Capacity
        ✓ Offical Capacity

Page 2 of 11 - 0.4

I. Parties to This Complaint

 B. Defendants

*Notes on Adresses, Names, and Shield numbers.*

1) All officers and supervisors listed are employed by the Jacksonville Sheriffs Office. The adress for the Sheriffs office is 501 East Bay Street, Jacksonville, Florida 32202

2) All officers and supervisors listed excep C.C. Burden work at the Duval County Jail. The adress for the Jail is 500 East Adams Street, Jackson ville, Florida, 32202.

3) I was informed officer C.C. Burden who was in the laundry deportment at the Duval County Jail has been moved to a different location. C.C. Burden's new location is the Community Transition Center. 451 Catherine Street, Jacksonville, Florida 32202.

4) I was unable to get officer Wilkerson's first initals due to the fact officer Wilkerson is always wearing a jacket, which does not have his name printed or stitched on it. Again, no one will provide his first name.

5) Officer C.A. Floyd, to the best of my knowledge, is not assigned to the laundry department. However, when the Duval County Jail locked down the trustees for Covid-19, officer C.A. Floyd helped the laundry department pass out clothing on different occasions.

6) I am also unable to provide shield numbers due to the fact they are not visable and officers will not provide that information.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name     A. Angels Angeles
    Job or Title *(if known)*   Corrections officer / Laundry Department
    Shield Number   unknown
    Employer   Jacksonville Sheriffs Department
    Address   * See Attached *

| City | State | Zip Code |
|---|---|---|

☑ Individual capacity  ☑ Official capacity

Defendant No. 4
    Name     C. A. Floyd
    Job or Title *(if known)*   corrections officer
    Shield Number   unknown
    Employer   Jacksonville Sheriff's Office
    Address   * See Attached *

| City | State | Zip Code |
|---|---|---|

☑ Individual capacity  ☑ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See Attached Page 3 of 11, 1.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11, 1.

## II. Basis for Jurisdiction

B. The improper handling of clean and dirty laundry (shirts, pants, boxers, socks, sheets, and towels) during the Covid-19 crisis and the deliberate indifference of unsafe conditions violated plaintiffs' Edward Elliott, Jarrod Beauregard, and Daniel Le Cleres' rights and constituted a due process violation under the fifth and fourteenth Amendment to the United States Constitution.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

*N/A*

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The officers/Defendants listed in this complaint were employed by the Jacksonville Sheriffs Office and worked in the Duval County Jail during the times and dates of the violations listed in this complaint. At all times mentioned in this each defendant acted under the color of state law.

III.    **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

[✓] Pretrial detainee

[ ] Civilly committed detainee

[ ] Immigration detainee

[ ] Convicted and sentenced state prisoner

[ ] Convicted and sentenced federal prisoner

[ ] Other *(explain)* _____

IV.    **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

1. All events listed in this complaint occured in the Duval County Jail /Pre-Trial Detention Facility between June 22ed 2020 and November 29th 2020.

2. In May of 2019 Edward Elliott was diagnosed and treated for Scabbies.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____ * See Attached * Page 5 of 11, 1. _____

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_____ * See Attached * Page 5 of 11, 1-6 _____

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____ * see Attached * Page 5 of 11, 7. _____

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_____ * See Attached * Page 5 of 11, 8. _____

Page 5 of 11-1.

IV.  Statment of Claim

C.  1.) Edward Elliott contracted Scabbies in
      May 2019. The exact date is unknown with
      out getting medical recoreds from Duval County
      Jail.

      2.) Laundry exchange is usually in the morning
      between 6:00Am- 8:00Am three times a week.
      Twice for clothing and once for linen. Times
      may very. The dates for the laundry complaints
      are between June 22ed 2020 and November
      29th 2020.

D.  1.) The laundry department has been improperly
      handling clothing and linen exchange since I
      Edward Elliott first came to the Duval County
      Jail in November 2017, putting all detainees
      at risk of catching all types diseases: T.B.,
      Scabbies, Hepatitus, Covid-19, ect.
      2.) In may of 2019 Edward Elliott was diagnosed
      with scabbies. He spent approximitly 14 days in
      isolation while being treated. I believe the desease
      wes contracted through the improper handling of
      laundry and improper sanatation in the Duval
      County Jail. I never thought about the way
      laundry was being handled until Covid-19 came
      to the Duval County Jail.

Page 5 of 11-2.

IV. Statment of Claim

D. 3| It was when Covid-19 hit the jail that other detainees started complaining about the improper handling of laundry and linen. Jerrod Beauregard, Richard Taylor, Daniel LeClerc, and myself, Edward Elliott as well as 270 other detainees on the west wing of the fifth floor of the Duval County Jail were continually put in harms way of catching Covid-19 and other diseases. Our health and well being were continually compromised. The issues grieved were never adressed, even after the concerning issues were brought to the attention of officers and administration.

4| The improper handling of clothing and linen consist of officers in laundry collecting dirty and soiled shirts, pants, boxers, socks, sheets, and towels from over 270 detainees, This was done with out changing gloves and most times not wearing othe personal protection equipment such as masks, bio suits, and eye wear. The officers then passed out clean laundry and linen wearing the same gloves they used to collect the dirty laundry. This is unsanitary and put us in harms way of catching Covid-19 and other deadly diseases.

5| These officers have been asked many times to please eather change gloves and/or let the trustees handle the clean clothing. Some detainees have urinated, defacated, and bleed on clothing and linen. Some detanices don't even bath regularly.

Page 5 of 11 - 3.

IV. Statment of Claim

  D. 5] continued: *Not to mention the possable contamination
     and transfer of various diseases, including Covid-19
     which has claimed hundreds of thousands of lives across
     the U.S.*

  6] Internal affiars has been notified on mutlipule
     times. Internal Affiars responded to our request to
     preserve video footage. We have two letters from them
     on different dates conferming preservation of video.
     These letters are marked exhibits A and exhibit B.

  7] There is a third letter of responce from internal
     affiars stating they have notified Assistant Chief
     Benoit at the Duval County Jail to resolve the
     issues with the laundry department. This letter is
     marked exhibit C.

  8] The date on exhibit C is September 29th 2020.
     Corrective action should have taken place imeditly.
     However I do understand these things take time.
     There was no change in the way laundry was being
     handled until the first week of December 2020.
     This is unacceptable. This is MONTHS after
     we recieved exhibit C. This proves that Chief
     Benoit disregarded the letter sent to him. This
     shows he has acted with deliberate indifferance.

  9] We do not know how long the video footage from
     the duval county jail can be saved or how far
     back it can be retrieved. We can assure, however,

Page 5 of 11-4.

IV. Statment of Claim

D 9) continued: that All violations listed are on the jail's video system. If the courts can view this video footage, I believe that the court will be disgusted and appauled at what is seen. This video is absolute proof of All our claims on the laundry department as well as the many other violation listed in exhibit I.

10) Please keep in mind that all violation seen on the list are from one dorm, five-west-two. This jail has six floors all with an east wing and west wing for a total of eight dorms for each floor. It is my conclusion these unsanitary violations have happened on every floor of this jail. There is no telling how many people have been harmed or even lost their lives to the Covid-19 virus and other diseases due to these violations.

11) I have a list of over 50 signetures from other detainees in dorm two on the fifth floor. This will be marked as exhibit D. Again keep in mind this is a very small portion of this jail. The list of signetures is a copy. If the courts require the origenal signetures they can be mailed to you.

Page 5 of 11-5.

IV. Statment of Claim

D. 12) I have a list of lettors writen by Jarrod
Beauregard to many diffarent agencies. Unfortunatly
Mr. Beauregard did not make copies of these
letters. However I do have a declaration from
him stating that each and every one of these
letters was infact writen and mailed. The list
of letters wrote will be listed as exhibit E.

13) The Florida Department of Health responded to
Mr. Beauregards letter stating they had no regulation
over jails and to contact Florida Department of
Corrections. This letter is listed as exhibit F.
Unfortunatly no other agencies responded to Mr.
Beauregards pleas for help.

14) I have two news paper articals from the
USA Today. The first is about TSA officers at
an airport who were required to change there
gloves after ever passenger pat-down and bag
inspection. They were also required to wear face
shield or other protective eye wear when working
in close contact with others. How are we as Pre-
Trial detainees any diffarent from people boarding
an airplain? We should have the same right to
our health and safty. The second is about a
civil suit being filed on a nursing home for
employies not wearing personal protection equipment.

Page 5 of 11-6.

IV. Statment of Claim

D. 14] continued: Again how is ocer health and safty any different from those in a nursing home? There are mony elderly people here also.

15] Included in the exhibits is a list of All laundry violations that have been recorded. This will be marked as exhibit H.

16] Included in the exhibits and listed as exhibit I. is a complete list of over 400 violations, from officers not wearing masks to detainees feed us our food with no shirt, no gloves, no mask and wearing a soiled bed sheet around his head. All these violations are recorded with dates and times and supported by video. These violations show complete disregard for rules, regulation, and mandates put in place for our safty and health.

17] Included in the exhibits is an actual grievance / request form which is supplied to us by officers. We used these before we got electronic tablets. We still use these when tablets are down or, if nessasary, for any other reason. Notice these forms have no numbers on them to track them. Nor do they have a carbin for our records. These forms can be thrown away by officers at any time with out repercution. We have no proof that we have turned any in. This form is listed as exhibit J.

Page 5 of 11-7.

## V. Injuries

1. I, Edward Elliott, contracted scabbies. I eventually had bleeding sores all over my body including my groin area. This was very very painful and uncomfortable. I now have hundreds of small scars all over my body that will never go away. I spent 14 days in isolation while being treated with promitherin.

2. The other plaintiffs in this suit as well as myself suffer from stress, mental anguish, exima, and fear of catching Covid-19 and other deadly viruses or diseases.

Page 5 of 11-8.

## VI. Relief

1. We are seeking injunctions both preliminary injunction, and permanent injunction. The Covid-19 virus is a serious and deadly virus, as well as many other diseases. As of the first week in December 2020 the laundry department changed the way they handled clothing and linen. Now the officers collect the dirty laundry and have the trustees pass out the clean laundry, this is a great change. However, officers often get moved to new locations or sections in the jail. It is very likely that the laundry department may go back to handling the laundry improperly when new officers get transfered to laundry. We are asking that writen rules and regulations be put in place as soon as possable.
2. We are also asking for revised training procedures for officers concerning contagious and dangerous diseases control and prevention, as well as making sure mandates, policies, and rules are enforced.
3. We are seeking compensantory damages in the amount of $5,000 for each violation and for each officer involued. This is for each plaintiff.
4. We are seeking punitive damages in the amount of $200,000 for each plaintiff.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

### VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Duval County Jail / Pre-Trial ~~Detention~~ Detention Facility*

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*Laundry Sanitation / No wearing of personal protection Equipment.*

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No   *N/A*

E.   If you did file a grievance:

1.   Where did you file the grievance?

Duval County Jail/Pre-Trial Detention Facility
Jacksonville, Florida

2.   What did you claim in your grievance?

Laundry is being passed out by officers with out changing gloves between soiled and clean clothing.
officers are not wearing Personal protection equipment between Covid-19 lock down dorms and Covid-19 clear dorms.

3.   What was the result, if any?

No corrective action

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

\* See Attached \* Page 7 of 11, 1

Page 7 of 11, 1.

## VII. Exhaustion of Remedies

E. 4.

1] We have filed multiple grievances. There have been grievances filed on electronic tablets and by paper. There is no way to appeal on the tablets. This is why we have filed multiple grievances on tablets. I have writen out a list of grievances documented on tablets with grievance tracking numbers, dates they were placed, dates of responce (if any) given, and wich detainees sent it. This is marked as exhibit K.

2] There were three grievances filed by paper; two by Mr. Beauregard, and one by me Mr. Elliott. No responce was ever given. I have explained why these grievances can not be tracked in section IV, Statment of Claim, letter D., paragraph Number 17. I have also sent the court an actual grievance form marked as exhibit J.

3] As explained in section IV. Statment of Claim, letter D., paragraph 12, many letters have been sent to multiple agencies concerning these violations, refer to exhibit E.

4] There were responces from Internal Affairs which is exhibits A, B, and C. as well as the Florida Department of Health which is exhibit F.

5] With Internal Affairs being involved I don't see how much higher we can go up the chain of comand.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_N/A_

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _See section ⊠ VII. Exhaustion of Remedies and Procedures. See exhibit's A, B, C, E, J_

_Multipul verbal complaints have been made as well._

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_N/A_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    *N/A*

Defendant(s)    *N/A*

2.    Court *(if federal court, name the district; if state court, name the county and State)*

*N/A*

3.    Docket or index number

*N/A*

4.    Name of Judge assigned to your case

*N/A*

5.    Approximate date of filing lawsuit

*N/A*

6.    Is the case still pending?

☐ Yes

☐ No        *N/A*

If no, give the approximate date of disposition.        *N/A*

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

*N/A*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)      N/A

Defendant(s)     N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

N/A

6.   Is the case still pending?

☐ Yes

☐ No      N/A

If no, give the approximate date of disposition      _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

### IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *December 15, 2020*

Signature of Plaintiff    *E. Elliott*

Printed Name of Plaintiff    *Edward Gordan Elliott*

Prison Identification #    *2017027622*

Prison Address    *500 East Adams Street*

*Jacksonville*            *Fl*        *32202*
City            State        Zip Code

*☀ see Attached ☀*
*Page 11 of 11, 1*

*Plaintiff Number 1.*

### B.    For Attorneys

Date of signing: _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    *N/A*

Address    _____

_____
City            State        Zip Code

Telephone Number    _____

E-mail Address    _____

Page 11 of 11, 1

# IX. Certification and Closing

## A. Plaintiff Number 2.

Date of signing                  December 20, 2020

Signature of Plaintiff           *(signature)*

Printed Name of Plaintiff        Jarrod Shawn Beauregard

Prison ID Number                 2020011004

Prison Adress                    500 East Adams Street
                                 Jacksonville, Florida 32202


## Plaintiff Number 3.

Date of signing                  December 20, 2020

Signature of Plaintiff           *(signature)*

Printed Name of Plaintiff        Richard Lee Taylor

Prison ID Number                 2018028518

Prison Adress                    500 East Adams Street
                                 Jacksonville, Florida 32202